## Shrieve *vs* Stokes.

### Appeal from the Jefferson Circuit.

#### Case and Trespass. Damages.

Chief Justice Marshall delivered the opinion of the Court.

Stokes brought this action on the case to recover damages for the falling of the walls of his house, in the city of Louisville, occasioned, as he alledges, by the

Case.

*Case* 112.

*June* 30.

Case stated and pleading, &c.

negligence, carelessness and improvidence of Shrieve, by his agents and servants, in digging and removing the earth from the lot adjoining the plaintiff's house. The different counts vary slightly in the statement of the case, but this is the substance of each. It is expressly stated in some of the counts, that the defendant was, by his agent, &c., digging a cellar on the lot adjoining the plaintiff's house, and dug it lower than the foundation of the plaintiff's wall, so negligently, &c. One of the counts states that it was done without walling up or propping plaintiff's wall, or taking any precaution for its safety, and so negligently and carelessly, &c., that the wall fell down. But as the count does not show that the defendant was under any obligation or duty to prop up the plaintiff's house, the averment of a failure to do so, is of no avail, but the count rests upon the averment of negligence, &c., in digging and removing the earth from the adjoining lot. The fourth and last count alledges that the defendant, by his servants and agents, dug away the earth from the adjoining lot, and from under the foundation of plaintiff's house, and from the lot so possessed by him, in such a manner and so carelessly and negligently, as to cause the plaintiff's house to fall, &c. A joint and several demurrer to these counts was overruled, and the cause having been tried on the plea of not guilty, filed with the demurrer, a verdict and judgment were rendered for the plaintiff, from which the defendant, without moving for a new trial, has appealed to this Court, assigning for error the overruling of the demurrer to the declaration, and two opinions of the Court expressed to the jury, and to which exceptions were taken.

1. As to the declaration, we are of opinion that each count shows substantially, a good cause of action. The three first counts, it is true, do not alledge any invasion of the plaintiff's lot or possession, and admit, by implication at least, the defendant's right to the lot from which the earth was dug and removed, and lay the gravamen of the complaint, not upon the digging and removing simply, but upon its being done in such a careless and negligent manner, and with such disregard

One may subject himself to damages done to another in the use of his own property, as by carelessly digging away the earth upon his own ground, whereby plaintiff's house fell, &c.

to the safety of the plaintiff's house, as to occasion the falling down of his wall, &c. These counts are based upon the assumption that it was the duty of the de-. fendant, in digging even upon his own ground and for his own lawful purposes, to proceed with reasonable care and a due regard to the safety of the neighboring house. This general duty, which the law certainly implies, it is not necessary to state in the declaration, but it was sufficient to show a breach of it. And as the statement of the particular manner in which the breach occurred, or in which the alledged damage was caused by it, would lead to an unnecessary and inconvenient, prolixity, the statement that the defendant proceeded so carelessly, negligently, &c., as to cause the plaintiff's house to fall, is deemed sufficient.

The fourth count differs from the three first, in stating the additional fact that the defendant, by his agents, &c., dug the earth from under the foundation of the house and from the lot so possessed by the plaintiff. And it is contended that this count must, on the ground of this fact, be regarded as a count in trespass, which cannot be joined in case, and that for the misjoinder the demurrer to the whole declaration should have been sustained. But we are satisfied that this count is not in trespass. It does not stop with the statement of the defendant's digging the earth from under plaintiff's house and from his lot, and claim damages therefor, but proceeds immediately to say how this was done, viz: in such a manner and so carelessly and negligently as to cause the house to fall, &c. The plaintiff does not complain of a forcible entry on his close, and claim damages therefor. He does not alledge that the act of digging from his lot was unlawful or wrongful, or against the plaintiff's will, or even wilful on the part of the defendant, but that it was done in such a manner as to cause the damage complained of. And he goes for damages consequent upon the act, not of the defendant himself, but of his agents, &c., for which the defendant would not be answerable in trespass, unless he had directed or authorized it. Besides the words "in such a manner," &c., qualify not only the digging under the plaintiff's

A count alledging that defendant, "through his agents, &c., dug the earth from under plaintiff's house, and from his lot, in such manner and so carelessly and negligently as to cause plaintiff's house to fall," is not in trespass, but in case.

SHRIEVE
vs
STOKES.

house and from his lot, but also the digging from the adjoining lot of the defendant himself. And the most that can be said of the count is, that it states some facts which might, if properly alledged, have sustained a declaration in trespass. Under these circumstances it would be an excessive rigor of construction to characterize this as a count in trespass, even upon a demurrer. And as it is apparent from the bill of exceptions, that there was not the slightest evidence nor offer of evidence to prove any thing like a digging under the plaintiff's house or on his lot, and that the verdict and damages were found exclusively upon other allegations which are certainly in case, we should be disposed to sustain the judgment upon the three first counts, even if the fourth were more clearly than it is, a count in trespass. We proceed, therefore, to consider the other questions made in the case.

2. The evidence of the probable cost of rebuilding the wall, was admissible as one of the elements which might be taken into consideration in estimating the damages sustained by the plaintiff from the falling of the old wall, if the loss of the wall was not otherwise supplied. But as the old wall was exceedingly weak and defective, and as by the erection of a new wall the house would be put in a much better condition than before, it is clear that the cost of a new wall could not form the proper criterion, nor in fact any criterion for determining the loss of the plaintiff. The Court, therefore, erred in the remarks to the jury on this subject, importing that there could not be a better criterion, under the circumstances, to ascertain how much it would take to put the plaintiff in as good a condition as before. And moreover, if in point of fact the plaintiff's house was put in as good or a better condition than before, without the cost of building a new wall, but by the use of the defendant's wall, as is estimated by the evidence, the cost of a new wall had nothing to do with the estimation of the damages, but rather the cost, if any, of the accommodation afforded by the defendant. The error on this point, is deemed substantial and prejudicial.

3. We are of opinion that upon the question of reasonable care in digging the defendant's cellar near the plaintiff's house, it was admissible to prove what was usually done by builders in digging cellars under similar circumstances. But we are inclined to the opinion that the remarks of the Court upon this subject, were calculated to produce upon the minds of the jury the erroneous impression that the evidence adduced by the plaintiff had established, or might establish the standard of care and diligence for this case. We are also of opinion that the evidence should have been confined to what was usual in cases exactly similar to the one on trial, and to the manner in which cellars are usually dug out in such cases. The charge is, that the defendant, by his agents, so carelessly and negligently dug and removed the earth, &c., and with such disregard of the plaintiff's safety, as to cause the plaintiff's house to fall. Usage, and even the opinions of skillful men may be admissible as to the manner of digging and removing the earth, &c., but they are not admissible as to the duty which the defendant owed to the plaintiff beyond what was involved in the manner of digging and removing the earth, &c.

4. We do not feel authorized, upon the state of the record before us, to enter upon any comparison of the verdict with the evidence. But we remark, as belonging to the principle on which the action is founded, that in order to impose upon the defendant the duty of using any extraordinary means for the protection of the plaintiff's house, it must have been apparent, upon common observation, that the digging of his cellar would probably cause the house to fall. And certainly he should not be subjected to damages for failing to use extraordinary precautions, unless it is reasonably certain that the digging of the cellar did actually cause the destruction of the house, and especially as another cause, deemed by many to have been adequate to produce the effect, is proved to have existed. With regard to the duty of the defendant: It is said by Chancellor Kent, (3 *Com.* 437, *2d edi.*) "If the owner of a house in a compact town finds it necessary to pull it down, and remove the foun-

One who in digging a foundation upon his own ground so weakens the earth as to induce the fall of the wall of another, is not responsible for the loss unless it was reasonably certain that such would be the effect of the act and he failed to apprise the other party that he might use the proper preventatives.

dation of his building, and he gives notice of his inten-
tion to the owner of the adjoining house, he is not an-
swerable for the injury which the owner of that house
may sustain by the operation, provided he remove his
own with reasonable and ordinary care;" for which he
refers to (9 *Barnes and Cress.* 725; *and* 4 *Carr and
Payne,* 161.)

In this case, the defendant's lot and cellar did not, as
stated in the declaration, adjoin the plaintiff's house,
but there was an alley of between two and three feet
between them, which did not belong to the defendant.
Unless the nature of the intervening earth was such as
to render it highly probable that it would give way
upon the cellar being dug out, and thus cause the plain-
tiff's house to fall, there could be no obligation on the
defendant to take any precaution, except that he should
not disturb or break down the alley. If, as we assume,
he had a right to dig his cellar to a proper and conven-
ient depth, he cannot be responsible, except for the
consequences of neglect in digging. Nor was he bound
to anticipate and provide against a possible danger,
which the plaintiff, with notice of the facts, did not con-
sider probable. It cannot be admitted that the sole res-
ponsibility for all consequences devolved upon the de-
fendant, who was in the exercise of his undoubted right
upon his own land. The plaintiff knew what was doing
on the defendant's open lot, and may be assumed to
have known better than the defendant, the weakness of
his own wall and of its foundation. If he might re-
main passive, without taking or suggesting any measure
for the safety of his house, and hold the defendant res-
ponsible for not taking measures to support it, it seems
to us that such responsibility should rest upon some pe-
culiar ground of right on the one side, or duty on the
other, which ought to be clearly set forth in the decla-
ration, and satisfactorily established by the proof. Un-
less the plaintiff was entitled to have his house support-
ed, not only by the alley, but by the compact earth on
the defendant's lot adjoining the alley, the mere removal
of that earth was not a breach of duty in the defendant.
And in that case, he could not be said to have caused

the loss to the plaintiff, nor be held liable for it, unless he knew, or had good reason to believe, that the removal of the earth up to his own line, would occasion the loss before the necessary support should be supplied, by building up his cellar wall, or unless the loss could be fairly attributed to his want of ordinary skill or care in loosening or removing the earth from his own lot.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.

*Fry & Page and Hewitt* for appellant; *Guthrie, Duncan and Ripley* for appellee.

