ANDRES W. KETCHAM et al., Respondents, *v.* HENRY NEWMAN et al., Appellants.

Defendants, being about to erect a building in the city of New York upon a lot adjoining a store leased and occupied by plaintiffs, which required an excavation below the foundation of plaintiffs' store, entered into a contract with a firm of professional "shorers," by which that firm agreed "to do the shoring, sheath-piling and bridging (as required by law) that is necessary to erect" the building on defendants' lot, and to be responsible for any accident by improperly doing the work. Said firm, as plaintiffs' evidence tended to show, without their permission and against their protest, entered upon their premises, broke through the walls, inserted needle beams, and occasioned serious damage to their stock of goods. It did not appear that defendants gave any directions to the contractors, advised the entry, or had any knowledge of the circumstances under which the latter entered upon plaintiffs' premises In an action of trespass the trial court charged that if plaintiffs gave no license to the contractors defendants were liable for the injury. *Held,* error; that defendants had a lawful right to make the excavation, and no duty rested upon them to protect plaintiffs' building save as imposed by the act of 1855 (Chap. 6, Laws of 1855), which requires lot owners in said city proposing to excavate their lots to a depth of more than ten feet to protect, at their own expense, a wall on adjacent premises at or near the boundary line "if afforded the necessary license to enter on the adjoining land and not otherwise;" that the contractors were not authorized by the contract to enter plaintiffs' premises without permis-

sion, but were simply employed to discharge the obligation imposed upon defendants by said act, which required consent as a prerequisite to such entry.

(Argued January 23, 1894; decided February 6, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made February 6, 1893, which affirmed a judgment in favor of plaintiffs entered upon a verdict and also affirmed an order denying a motion directed by the court.

This was an action of trespass.

The plaintiffs were wholesale merchants and lessees of the first floor and basement of No. 632 Broadway, New York city, where they conducted the business of the sale of millinery goods. The defendants owned the adjacent lot on the south, and being about to erect a new building thereon, upon a plan which required their lot to be excavated twenty-two feet below the curb, entered into a written contract with the firm of F. & S. E. Goodwin, professional *shorers*, whereby that firm agreed as follows:

"We agree to do the shoring, sheath-piling and bridging (*as required by law*) that is *necessary* to erect buildings Nos. 628 and 630 Broadway, running through to Crosby street. Do the work, according to plans and specifications, for the sum of one thousand one hundred and seventy-five dollars, work to commence at once when ready, $1,175; also agree to be responsible for any accident by improperly doing the work."

The foundation of the southern wall of the building occupied by plaintiffs was nine feet below the surface, and unless shored up in some way during the progress of the excavation on the defendants' lot, the wall would naturally be undermined and would probably fall. The contractors entered upon the premises occupied by the plaintiffs and inserted needle beams in the basement of the building, breaking the wall for that purpose, and occasioned serious damage to the stock of goods of the plaintiffs, from dirt, and their exposure to damp-

ness, and greatly hindered them in the transaction of their business. There was conflicting evidence upon the question whether the contractors obtained permission from the plaintiffs to enter the premises for the purpose of shoring up the wall. The plaintiffs denied that such permission was given, and they gave evidence tending to show that they protested against such entry, and that the contractors, in defiance of their protest, invaded their premises and committed the trespasses of which they complain.

On the part of the defendants one of the contractors testified in substance that before commencing the work he informed one of the plaintiffs that he was employed to do the shoring, and pointed out what was necessary to be done, and that he consented that the witness might proceed with the work. The judge submitted to the jury the question whether such consent was given, and charged them that if consent was given the plaintiffs could not recover in this action. It was conceded that the Goodwins were independent contractors, and the judge so charged the jury. It was shown that they had large experience in this kind of work, and their competency was not questioned. One of the contractors testified that he had forty years' experience, and he further testified : "I know of no other way in which I could have shored up that brick wall than the way which was employed." It does not appear that the defendants gave any directions to the contractors during the progress of the work, or that they had any knowledge of the circumstances under which they entered the plaintiffs' premises, or whether such entry was with or without the license of the plaintiffs. Their connection with the transaction commenced and ended, so far as appears, with the making of the written contract above given, except that one of the plaintiffs, after the work had progressed for some time, asked one of the defendants to intercede with the contractors to do the work in a way which would cause them less inconvenience, which he promised to do. The defendants neither employed nor had any control of the men engaged in the work. They were employed and paid by the contractors.

The court charged the jury that if the plaintiffs gave no license to the contractors to enter the premises to do this work the defendants were liable for the injury sustained by the plaintiffs.

*Nathaniel Myers* for appellants. The plaintiffs' building was not entitled to be supported by defendants' land. (*Radcliffe* v. *Mayor, etc.*, 4 N. Y. 203.) It was error for the court to charge the jury that although they should find that plaintiffs had consented to the entry by Goodwin, and to his inserting the needles, still their verdict should be for plaintiffs if they found that Goodwin did his work negligently. (*Butler* v. *Townsend*, 126 N. Y. 105; *Wyllie* v. *Palmer*, 137 id. 257; *McCafferty* v. *S. D., etc., R. R. Co.*, 61 id. 178; *King* v. *N. Y. C. R. R. Co.*, 66 id. 181.) In no view could the damages sustained by the shoring up of plaintiffs' wall have been more than nominal. The General Term erred in not exercising its power of review on the question of fact as to the excessiveness of the verdict raised by the motion for a new trial. The General Term erred in the law on this point, and, therefore, failed to review the facts. This was error. (*Kaare* v. *T. S. & I. Co.*, 139 N. Y. 369.)

*Eugene S. Ives* for respondents. The defendants are liable for the acts of the persons who committed the trespass. (*Town of Pierrepont* v. *Loveless*, 72 N. Y. 211; *A. & F. R. R. Co.* v. *Kimberly*, 87 Ga. 161.) The claim of the appellants to the effect that the defendants had a right to enter upon the premises of the plaintiffs without permission is not sound. (*Johnson* v. *Oppenheim*, 55 N. Y. 286.) The court properly excluded the paper stated by the counsel for the defendants to be a general assignment for the benefit of creditors by two of the plaintiffs to William A. Merrill, dated October 20, 1884. It does not appear to have been proved and is not a part of the case; but even if it had been proved to be what the counsel stated it was, its exclusion was proper. (*Ruthy* v. *C. F. J. Co.*, 52 Hun, 492.)

ANDREWS, Ch. J. , The entry by the contractors upon the premises without the license and against the protest of the plaintiffs was a trespass, and rendered them liable for the damages sustained by the plaintiffs to their possession and to the merchandise in the store resulting from the unlawful entry. The liability would extend also to any person who advised or directed the unlawful acts. It was upon this principle that the court charged the jury that the defendants were liable if the entry was without the license of the plaintiffs. The court regarded the contract made by the defendants with the contractors as in law a direction by them to the contractors to commit the trespass complained of. If this view is well founded there was no error in the charge. But we are of the opinion that the construction placed upon the contract by the trial judge is not warranted. The Goodwins were independent contractors. This was so ruled by the court on the trial and was conceded on the argument here. This fact is only important to exclude any liability founded on the ordinary relation of master and servant. Where this relation exists the master may be liable for the wrongful act of the servant, although committed without his authority and even in violation of his instructions, provided it was committed in the business of the master and within the scope of the servant's employment. (*Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y. 23.)

But where a trespass has been committed upon the rights or property of another, by the advice or direction of a defendant, it is wholly unimportant what contractual or other relation existed between the immediate agent of the wrong and the person sought to be charged. The latter cannot shelter himself under the plea that the immediate wrongdoer did the act in execution of a contract, or that he came within the definition of an independent contractor as to the performance of the work in the execution of which the tortious act was committed. If he advised or directed the act his liability is established.

The contract entered into between the defendants and the

contractors did not, as we construe it, authorize the contractors to commit a trespass upon the premises of the plaintiffs. In construing the contract it is important to consider the situation. The defendants were about to tear down the old building on their premises, and erect a new one according to plans which required an excavation of their lot to the depth of 22 feet. They had a lawful right to make the excavation. The excavation would probably endanger the adjacent wall of the building of the plaintiffs. No common-law duty was imposed upon the defendants to shore up or protect the wall from injury. The building of the plaintiffs had no easement of support by the land of the defendants. The rule of the common law placed the burden of protecting the wall from injury from the excavation upon the owners of the wall. The defendants were bound only to the exercise of reasonable care in making the excavation, doing no unnecessary damage. (*Dorrity* v. *Rapp*, 72 N. Y. 308 and cases cited.) Under the common law they had no right to enter upon the premises of the plaintiffs to shore up the wall, nor would they have been under any duty to do so, even if they were permitted by the owners of adjacent premises. The legislature, recognizing the hardships imposed upon owners of improved property by the rule of common law, intervened by the act, chap. 6 of the Laws of 1855, as to the cities of New York and Brooklyn. By that act the duty was imposed upon lot owners proposing to excavate their lots to the depth of more than ten feet below the curb, to protect at their own expense a wall on or near the boundary line of adjacent premises from injury from such excavation, " if afforded the necessary license to enter on the adjoining land, and not otherwise." The contract between the defendants and the contractors was made under this condition of the law. The defendants contemplated an excavation on their lot more than ten feet in depth. The law of 1885 cast upon them the duty to protect the wall on the lot of the plaintiffs, " if afforded the necessary license to enter " for that purpose. The defendants made the contract, as is to be inferred, without having obtained the permission of the

plaintiffs to enter upon their premises, but upon the assumption that the permission would be given. The contractors bound themselves to do the shoring " as required by law." They were not authorized by the contract to enter the adjacent premises without permission of the owners and occupants. It was necessarily implied that they were employed to discharge the obligation imposed upon the defendants by the act of 1855, and it was a prerequisite that the consent of the owners or occupants should be obtained before entry could be lawfully made. The defendants neither in terms authorized an entry by the contractors as trespassers, nor can such intention be presumed. On the contrary, the contractors were to act " as required by law." It would have been a complete answer to a claim by the defendants for a breach of the contract by the contractors, that the latter were unable to obtain the permission of the plaintiffs to enter the premises to do the work required, and that it could not have been done without such entry. If there was any evidence that the defendants advised or directed the trespass, other than that furnished by the contract, it should have been submitted to the jury. There was none to justify a ruling as matter of law that in the absence of a license to enter the defendants were liable.

We think the trial judge erred, and that the judgment below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed. _____