KORN v. WEIR.

(Supreme Court, Appellate Term. June 23, 1904.)

1. ADJOINING OWNERS—BUILDINGS—CONSTRUCTION—INJURY TO ADJOINING PROPERTY—INDEPENDENT CONTRACTORS.

Where a building was being erected for the use of an express company, of which defendant was president, by an independent contractor, and all damage which was done to the building of an adjoining owner was done by the workmen of the contractor, the express company was not liable therefor.

2. SAME—ACTIONS—TRESPASS—BREACH OF CONTRACT.

Where plaintiff sued in trespass to recover damages to his building, he could not recover in such action for an alleged breach of contract by which defendant agreed that, if plaintiff would permit an entry upon his premises by defendant's servants in order to shore up plaintiff's wall, plaintiff's water and sewer pipes would be protected from freezing.

3. SAME—CONTRACT TO SHORE WALL—CONSIDERATION.

Under Laws 1855, p. 11, c. 6, imposing on lot owners proposing to excavate their lots to a depth of more than 10 feet below the curb the duty of protecting at their own expense a wall on or near the boundary line of adjacent premises from injury from such excavation, "if afforded the necessary license to enter upon the adjoining premises, and not otherwise," an adjoining landowner is not authorized to impose as a condition to a license to permit an entry on his premises to shore up his wall, under the statute, that the licensee should protect certain plumbing from

freezing, and hence such license was not a sufficient consideration for the licensee's agreement to protect the same.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham Korn against Levi C. Weir, as president, etc. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Albert T. Scharps, for appellant.
John Larkin, for respondent.

SCOTT, J. The complaint was rightly dismissed. The building being erected for the use of the express company of which defendant is president was under construction by an independent contractor, and all the damage said to have been done to plaintiff's building was so done by the workmen of the contractor. For these acts the express company was not liable. Ketcham v. Newman, 141 N. Y. 205, 36 N. E. 197, 24 L. R. A. 102. The only item of damage as to which the express company's liability is even debatable is that based upon the freezing of plaintiff's water pipes, said to be the result of piercing his wall so as to insert needles to sustain it. This liability is asserted because of an alleged agreement made for the express company, by its architect, to the effect that, if plaintiff would permit an entry upon his premises in order to shore up his wall, his water and sewer pipes would be protected from freezing. Even if the plaintiff has any claim against the express company on this ground, it cannot be asserted in this action. The pleadings are written, and it is consequently possible to determine with accuracy the nature of the action, which, upon an inspection of the complaint, is found to be for damages for trespass. Nowhere is there to be found any allegation of any special contract or agreement on the part of the express company. Obviously, in an action for trespass, a complainant cannot recover for breach of a contract, especially where, as in the present case, no contract is pleaded, and no amendment of the complaint was had. Roemer v. Striker, 142 N. Y. 134, 36 N. E. 808. Even if such a contract had been properly pleaded, and the authority of the architect to make it and thereby bind the express company was to be assumed, it would be difficult to see upon what consideration it rested. The plaintiff seems to assume that consideration is afforded by his consent to an entry upon his property to shore up and protect his wall. That consent was applied for, however, not for the benefit of the express company, but for the plaintiff's benefit. At common law no duty rested upon the owner of a lot making an excavation thereon to protect his neighbor's wall from injury. He was only bound to exercise reasonable care in making the excavation, so as to do no unnecessary damage. Dorrity v. Rapp, 72 N. Y. 308. Whatever obligation now rests upon an owner excavating his own land to protect the wall of an adjacent building is to be found in chapter 6, p. 11, of the Laws of 1855, which imposes upon lot owners

proposing to excavate their lots to a depth of more than 10 feet below the curb the duty of protecting at their own expense a wall on or near the boundary line of adjacent premises from injury from such excavation, "if afforded the necessary license to enter upon the adjoining land and not otherwise." The express company fulfilled its whole duty when it applied, through its architect, for a license to enter upon plaintiff's land. The plaintiff might refuse or grant it, but he had no right to make his license dependent upon any agreement upon the company's part to do aught except to protect the wall, and the company was under no obligation to accept a license coupled with such a condition, or to make any such agreement as a condition for receiving the license. The granting of such a license, which was solely for plaintiff's benefit, to save him the expense of protecting his own wall, afforded no consideration for an agreement such as plaintiff seeks to enforce.

Judgment affirmed, with costs. All concur.