## ABROMOVITZ v. MARKOWITZ et al.

(Supreme Court, Appellate Term. March 5, 1908.)

1. PLEADING—PLEADINGS AND PROOFS.

A plaintiff can recover only on the cause of action alleged and proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1300.]

2. JUDGMENT—CONFORMITY TO PLEADINGS.

Plaintiff having failed to prove the cause of action set up in his complaint, and proper objections having been made at the trial, and no amendment of the pleadings having been asked for, a judgment for plaintiff on a cause of action not alleged cannot be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 436.]

**3. SAME—PARTIES—STATUTORY PROVISIONS AS TO JUDGMENT FOR OR AGAINST COPARTIES.**

Under Code Civ. Proc. § 1932, providing that where a complaint demands judgment against two or more jointly, if the summons is served on one or more, but not on all, plaintiff may proceed against the defendant served, and if he recovers judgment it may be taken against all defendants, where a joint liability is alleged and proved, judgment must be taken against all defendants, though but one is served.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 418.]

Appeal from City Court of New York, Trial Term.

Action by Harry Abromovitz against Ancel Markowitz and another. Judgment for plaintiff, and Markowitz appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Max Schleimer, for appellants.

Charles S. Rosenthal (Max D. Steuer, of counsel), for respondent.

GILDERSLEEVE, P. J.  The plaintiff brought this action against the two defendants above named, alleging in his complaint that he made his promissory note on October 15, 1906, for the sum of $250, for the accommodation of the defendants, payable to his own order; that said note was indorsed by the defendants and delivered to the plaintiff for value received before the maturity thereof; that at the maturity of said note the said note was duly presented for payment; that payment was refused; that the note was duly protested; that by reason of the protest of said note the plaintiff was obliged to pay the amount thereof; and plaintiff demanded judgment for the sum of $250 and interest and protest fees.  The defendant Samuel Abromovitz was not served with process.  At the opening of the trial a motion was made by defendant to dismiss the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action.  This motion was denied.

The respondent concedes in his brief that the complaint does not set forth a joint liability on the part of the defendants, but that the defendants were sued as individuals, and so charged in the complaint.  The case went to trial, and the plaintiff, through its entirety, proceeded upon the theory that the defendant Ancel Markowitz, who alone appeared and defended, and who appeals from the judgment rendered against him, was individually liable to the plaintiff on the note sued upon, evidently intending to relieve the codefendant, who is a brother of the plaintiff, from any liability thereon.  There is no evidence in the case whatever to support this contention.  The first statement of the plaintiff given under oath is that the defendant Ancel Markowitz "was engaged in the dress goods business with my brother."  He further testifies that the appellant herein applied to him for a loan to assist the defendants in carrying on their business.  The plaintiff then made a note payable to himself, which was indorsed by the firm name of Markowitz & Abromovitz.  This note the plaintiff caused to be discounted and credited to his account in the bank.  He then gave his own check, payable to the firm of

Markowitz & Abromovitz. Subsequently, the note not being paid, plaintiff claims that he was obliged to pay the same, and bases his claim for recovery in this action upon such payment. The testimony of the plaintiff shows that the entire transaction was with the copartnership, and that it was a copartnership liability sued upon, and that the appellant herein was in no way individually liable until the funds of the partnership property have been exhausted. The very statement of the plaintiff, given in evidence, and urged upon this court as showing an individual liability on the part of the appellant, is clear proof, not of individual, but of the copartnership, liability. In this portion of the testimony the plaintiff said:

"Here is the note Rosie made out, and you can get the money from the bank on the note. It has the firm name on it, and you get the money and give it to us."

At the close of the plaintiff's case he had proven a copartnership liability only, and at the close of the entire case the partnership of the defendants was clearly established, and the only judgment that could have been rendered for the plaintiff was one against both defendants, if the plaintiff's version of the contended issues was to prevail. The judge charged the jury that "as to Samuel Abromovitz the action had abated," and substantially charged that, if the plaintiff's testimony was believed, the verdict must be against the defendant appellant. The jury rendered a verdict in favor of the plaintiff, and a judgment was entered against the appellant alone.

A motion was made to set aside the verdict upon the grounds set forth in section 999 of the Code of Civil Procedure, which was denied. It should have been granted. The judgment against the appellant alone has no foundation in law. A plaintiff can recover only secundum allegata et probata. Brightson v. Claflin, 180 N. Y. 76, 81, 72 N. E. 920. The plaintiff having failed to prove the cause of action set up in the complaint, and proper objections having been made on the trial, and no amendment of the pleadings having been asked for, the judgment in plaintiff's favor on a cause of action not alleged cannot be sustained on appeal. Northam v. Dutchess County Mut. Ins. Co., 177 N. Y. 73, 69 N. E. 222; Korn v. Weir (Sup.) 88 N. Y. Supp. 976. Even if we were to assume, against the strenuous claim of the plaintiff, that the complaint alleges a joint liability, then the judgment against the appellant alone cannot be sustained in its present form, as, where a joint liability is alleged and proven, the judgment must be taken against all the defendants, although but one is served. Section 1932, Code Civ. Proc.; Niles v. Battenshall, 27 How. Prac. 381. The appellant herein has a right to have a judgment against his codefendant, as well as himself, that resort may be had to partnership property first, and he cannot be made primarily liable for the copartnership debt.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.