# SLATTERY v. RHUD.

### (136 N. W. 237.)

**Actions — trespass — instructions.**

1. Action to recover damages to certain ice while stored in an ice house, alleged to have been caused by defendant in carelessly and wrongfully excavating on an adjacent lot and also on plaintiff's lot, on which such ice house was situated, and so near thereto as to cause the building to collapse and the ice to become exposed to air and sun. Plaintiff introduced evidence tending to establish the alleged trespass on plaintiff's lot, as well as the other facts pleaded in the complaint. In charging the jury, the trial court told them, in substance, that even though they should find that defendant in fact wrongfully excavated on plaintiff's lot, causing the injury, he would not be liable if he exercised reasonable care in so doing. *Held* prejudicial error.

**Trespass — reasonable care.**

2. A wrongful trespasser is liable for all the detriment proximately caused by such trespass, whether he acted in good faith and with reasonable care or not.

**Trespass — action.**

3. It was proper for plaintiff to allege and prove both a trespass by defendant on his lot, and a negligent excavating on the adjacent lot, as the proximate causes of the resultant injury.

**Trespass — instructions — question of measure of damages.**

4. Certain instructions to the jury upon the question of the measure of damages examined, and *held* erroneous.

Opinion filed May 2, 1912.

Appeal by plaintiff from an order of the District Court for Burleigh County, *W. H. Winchester,* J., denying his motion for new trial in an action brought to recover damages for injury to ice.

Reversed.

*Newton, Dullam, & Young,* for appellant.

Defendant had no right to excavate any part of plaintiff's ice-house lot, or to drive his teams on or over any part of it. 28 Am. & Eng. Enc. Law, 2d ed. p. 587; Sedgwich, Damages, 6th ed. p. 660; Davison v. Shanahan, 93 Mich. 486, 53 N. W. 624; Reynolds v. Braithwaite, 131 Pa. 416, 18 Atl. 1110; Georgetown B. & L. R. Co. v. Eagles, 9 Colo. 544, 13 Pac. 696; Georgetown, B. & L. R. Co. v. Doyle, 9 Colo. 549, 13 Pac. 699; Ketcham v. Newman, 141 N. Y. 205, 24 L.R.A. 104, 36 N. E. 197.

*F. H. Register, R. N. Stevens,* and *Niles & Koffel,* for respondent.

Trespass cannot be joined with case, for they are actions of different natures, and the judgments are different. Courtney v. Collet, 1 Ld. Raym. 273; Chitty, Am. ed. 291–294; Cooper v. Bissell, 16 Johns. 146; Sheppard v. Furniss, 19 Ala. 760; Brown v. Dixon, 1 T. R. 277; Govett v. Radnidge, 3 East, 63, 6 Revised Rep. 539; 21 Enc. Pl. & Pr. 800; Cleveland v. Barrows, 59 Barb. 364; 21 Enc. Pl. & Pr. 783, 784, 785, & note.

The remedy is by an action of trespass on the case. 21 Enc. Pl. & Pr. 786; Bay Shore R. Co. v. Harris, 67 Ala. 6, 2 Am. Neg. Cas. 1; Wilson v. Smith, 10 Wend. 324; Chitty, 16th Am. ed. 181.

Instructions to the jury upon the subject of trespass *quare clausum* not being within the issues, the plaintiff is in no position to complain, as he was not and could not have been prejudiced thereby. Sackett, Instructions §§ 73, 313; Reuss v. Monroe, 115 Ill. App. 10; Elkins v. Metcalf, 116 Ill. App. 29; Doherty v. Arkansas & O. R. Co. 5 Ind. Terr. 537, 82 S. W. 899; Beyer v. Hermann, 173 Mo. 295, 73 S. W. 164; McKinstry v. St. Louis Transit Co. 108 Mo. App. 12, 82 S. W. 1108; Chicago Union Traction Co. v. O'Brien, 117 Ill. App. 183; Tedens v. Sanitary Dist. 149 Ill. 87, 36 N. E. 1033; Chicago & A. R. Co. v. Walters, 217 Ill. 87, 75 N. E. 441; Anderson v. Walter, 34 Mich. 113; State v. Donovan, 10 Nev. 36; Quinn v. Baldwin Star Coal Co. 19 Colo. App. 497, 76 Pac. 552; Conant v. Jones, 120 Ga. 568, 48 S. E. 234.

Fisk, J. Actions to recover damages claimed to have been sustained by plaintiff because of injury to certain ice stored in an ice house on lot 22, block 53, original plat of the city of Bismarck, in the month of June, 1908, by reason of certain excavations made by defendant near such ice house, causing a portion of the wall thereof to give way, thus exposing such ice to the action of the air and sun, which, it is claimed, caused a large amount thereof to become honeycombed and rendered valueless. Defendant had judgment in the court below pursuant to a verdict of the jury, and this appeal is from an order denying plaintiff's motion for a new trial.

The facts necessary to a correct understanding of the questions involved are the following: The north wall of the ice house in question was situated about 2 feet from the north line of said lot 22. Adjoining such lot on the north is lot 23. Defendant, who is a general contractor, had a contract to excavate on lots 23 and 24 preparatory to the erection of an armory building. Plaintiff was aware of the contemplated work of excavating on lots 23 and 24, and was present at or about the time such work was commenced.

Paragraph 3 of the complaint is as follows: "That on or about the 22d day of June, 1908, the defendant, Hans C. Rhud, by himself, his agents, and servants, made a large excavation on said lot 23, which excavation extended from the front or west end of said lot 23, in an easterly direction of about 110 feet, and was about 6 feet deep, and more than 25 feet in width; that in making such excavation, the defendant, his agents, and servants encroached upon and did enter upon and dig, take out, and carry away a portion of said lot 22 along or near the north side of said lot, and along and near the north side of the ice house situated thereon, all against the will and without the knowledge or consent of this plaintiff; that the said defendant, Hans C. Rhud, his agents, and servants did said excavating carelessly, negligently, and without using ordinary care and skill, and without taking any precautions to sustain the lot hereinbefore described, to wit, lot 22, block 52, original plat of the city of Bismarck, and without giving the plaintiff any notice of his intention to make such excavations. That by reason of the excavations made by the said defendant, Hans C. Rhud, his agents, and servants, as hereinbefore stated, the aforesaid ice house in the possession of plaintiff on said lot containing plaintiff's

200 tons of ice did sag, sink, and break and become wrecked so that the sawdust and other packing used in and about the packing of said ice in said ice house slipped out and fell away from said ice and left said ice uncovered and unprotected and exposed to the sun and wind, and one hundred and fifty (150) tons of plaintiff's ice so stored in said ice house, hereinbefore mentioned, was thus destroyed and rendered unfit for sale or use, to the plaintiff's damage in the sum of $900."

At the trial evidence was introduced by the plaintiff tending to support such allegations, and the defendant introduced evidence tending to show that no excavating was done on plaintiff's lot 22. In charging the jury the trial court, among other things, instructed as follows: "Under the law of this state the defendant would not have the right in making this excavation to excavate any part of lot 22, and if you find that the defendant did excavate any part of lot 22, and if you further find that it was done in a careless and negligent manner and with a want of ordinary care and skill, and that such lack of ordinary care and skill led to any damage to the ice in question, then the defendant would be liable for such damage; bearing in mind all the way through, gentlemen, that the question of negligence, or lack of ordinary care and skill, is one of the main questions for you to determine in this case."

Also as follows: "It would not be enough for you to determine as a matter of fact from the evidence if you should find it to be the fact, that the defendant did excavate any part of the lot 22 in making the alleged excavation, unless you find that it was done in such a manner as led to the damages which it is claimed the plaintiff sustained. To put it another way in order that I may not be misunderstood. If you find as a fact from the evidence that the defendant, Mr. Rhud, in making this excavation, did carelessly and negligently excavate a portion of lot 22, then if you further find that in so doing that his acts lack ordinary care and diligence, and if you find that on account of such acts the ice in question was damaged, then Mr. Rhud, the defendant, would be liable to Mr. Slattery, the plaintiff, for such damages."

It is nowhere contended that defendant had been given any permission or license to go onto lot 22, or to do any excavating thereon, but the trial court refused plaintiff's request for an instruction to the effect that defendant had no right to excavate on lot 22.

The giving of those instructions, and the refusal to instruct as requested by plaintiff, form the basis of appellant's principal assignments of error, and we are agreed that such assignments are well taken.

Respondent's counsel, in their printed brief, place considerable emphasis upon the fact that the giving of these instructions was non-prejudicial for the reason that the action is not in trespass, but on the case, while appellant's counsel contend that it is an action in trespass. At another place in their brief, respondent's counsel urge that the complaint sets forth two causes of action which are improperly united; to wit, a cause of action on the case and a cause of action in trespass. We are not particularly concerned with the question as to what the correct form of action would be under the common-law system of pleading, for under the Code we have but one form of civil action. In passing, however, it is not improper to state that the action being one to recover merely consequential damages on account of an indirect injury to personal property, the form of the action at common law would be trespass on the case, and not trespass as contended by appellant's counsel. See 21 Enc. Pl. & Pr. 786, and cases cited, and especially Shrieve v. Stokes, 8 B. Mon. 453, 48 Am. Dec. 401, the complaint in which case was very similar to the one in the case at bar. But even though it should be held that the complaint in the case at bar alleges facts which at common law would constitute both trespass and trespass on the case, there is no objection under the Code to their being united in the same complaint. See 21 Enc. Pl. & Pr. at p. 801, and cases cited.

We are entirely clear that the trial court committed reversible error in charging the jury, as above stated, with reference to the excavation, if any, on lot 22. On this point the jury should have been instructed that if they should find that defendant made any excavation on lot 22 and that this was the proximate cause of the injury complained of, they should find for the plaintiff. If defendant, by his agents and servants, unlawfully trespassed on plaintiff's lot by excavating thereon, it is an elementary rule of law that he must respond in damages for any injury proximately caused thereby, even though he and his agents and servants acted with care in so doing. Ketcham v. Newman, 141 N. Y. 205, 24 L.R.A. 102, 36 N. E. 197.

In view of another trial we will briefly notice one other assignment

of error which we deem meritorious. Complaint is made of that portion of the instructions relative to the rule to be followed by the jury in assessing the damages. We think the instructions in this respect are faulty. In that portion wherein the jury are instructed that they "have the right to ascertain how much, if any, less ice there was in the part of the ice house in which it is claimed that the ice was damaged . . . how less in pounds or quantity there was on account of the alleged damage, and if you find there was any less and that it was on account of the lack of ordinary care on the part of Mr. Rhud, the defendant, then Mr. Rhud should respond in damages to Mr. Slattery for the difference between the quantity of the ice that would have been in the ice house in the part of the ice house that it is claimed was damaged. . . . He should respond for the difference between what was in the ice house after the damage and what was in the ice house before the damage." Plaintiff does not contend that there was any less quantity of ice in the ice house after the building had collapsed than there was before, but he merely contends that a certain portion of the ice was damaged and rendered worthless by reason of having been exposed to the air and sun, as aforesaid. The instruction was, therefore, incorrect and misleading, and should not have been given in such form. The rule of damages is prescribed in § 6582, Rev. Codes, as follows: "For the breach of an obligation not arising from contract the measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." If a portion of plaintiff's ice was rendered entirely valueless as the proximate result of defendant's or his servants' acts rendering him liable, then he should respond in damages to the plaintiff for the fair market value of such ice at said time and place, with interest; but if a portion of such ice was merely damaged, but not to such an extent as to render it entirely valueless, plaintiff should be compensated by allowing him the difference between the value of such ice if it had not been injured, and its value after the injury, with interest.

The assignments not noticed above are deemed without merit.

The order is reversed and a new trial directed.