### BRANDAGEE v. CLEARY et al.

(Supreme Court, Appellate Term, First Department.    April 15, 1915.)

1. PARTNERSHIP ⬥219—ACTION AGAINST PARTNERS—JUDGMENT—JOINT LIA-
BILITY.

Under the direct provisions of Code Civ. Proc. § 1932, judgment should be entered against all the defendants, where the complaint averred a joint liability and that defendants were copartners, though one of them alone was served.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. ⬥219.]

2. PARTNERSHIP ⬥219—ACTIONS AGAINST PARTNERS—JUDGMENT—JOINT LIA-
BILITY.

That one partner had agreed to assume the liabilities of the firm will not warrant the entry of a several judgment against him, where the complaint averred the existence of a partnership and that the claim was a partnership obligation.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. ⬥219.]

Appeal from City Court of New York, Special Term.

Action by Mary B. Brandagee against James C. Cleary and others. From an order denying the motion of the named defendant to open the judgment entered against him and to vacate his default, he appeals. Order reversed, and motion granted.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

John C. Hollembaek, of New York City (George H. Turner and Edward H. Maddox, both of New York City, of counsel), for appellant.

Hedges, Ely & Frankel, of New York City, for respondent Brandagee.

Myers, Kutner & Schuhmann, of New York City (David C. Myers, of New York City, of counsel), for respondent Butterfield.

GUY, J. Prior to the rendition of the judgment against the appellant herein the defendants were copartners, doing business under the style and firm name of Cleary, Dilworth, Miller & Fay, and were occupying rooms in the Langdon Building, No. 309 Broadway, this city, under a lease from plaintiff. Subsequently one Wurts, succeeded Miller in the copartnership. On June 15, 1914, the plaintiff, claiming that the defendants were indebted to her in the sum of $750 unpaid rent, commenced an action in the City Court against them. The complaint in the action set forth that the plaintiff had leased to the defendants, "then carrying on business as copartners under the firm

---

name of Cleary, Dilworth, Wurts & Fay," rooms Nos. 207 and 208 in the building in the city and county of New York known as Nos. 305–309 Broadway for the term of one year commencing on the 1st day of May, 1913, that defendants had defaulted in the payment of rent and were thereby indebted to plaintiff in the sum of $750, and demanded judgment against the "defendants" for said sum. The summons and complaint were served upon the appellant, and on June 25, 1914, the plaintiff in default of answer entered judgment against Cleary personally, and not against all the defendants upon their joint liability.

It appears that the defendant Cleary was the only defendant upon whom service of the summons and complaint was made, and that, prior to the entry of the judgment against him, the other defendants had confessed a judgment in favor of the plaintiff for the amount claimed in the complaint. The appellant, claiming that he was entitled to have a judgment entered against all of the defendants, moved to vacate the judgment entered against him individually, and asked that he be permitted to defend the action. It will be seen from the foregoing that this is not one of the usual motions to open a default, based upon an excusable failure to appear and answer, in which a meritorious defense must be shown, as well as reasons for failure to appear, but is based upon an asserted right to have the judgment, entered against the appellant alone, vacated, and the proper judgment entered, upon the ground that the debt set forth in the complaint was a partnership debt or the joint obligation of the copartnership of Cleary, Dilworth, Wurts & Fay, and that therefore judgment, if entered at all, should have been entered against all the obligors.

[1, 2] A reading of the complaint shows conclusively that plaintiff's cause of action is against the defendants named therein jointly, and not severally. It asserts a leasing to defendants "carrying on a business as copartners." It alleges that "defendants" defaulted, that the "defendants" became indebted to the plaintiff, and it demands judgment against "the defendants" for the sum of $750. A joint liability is alleged, and in such a case the judgment must be taken against all the defendants, although but one is served. Abromovitz v. Markowitz, 58 Misc. Rep. 231, 108 N. Y. Supp. 1044. See, also, Nelson v. Bostwick, 5 Hill, 37, 40 Am. Dec. 310; Niles v. Battershall, 27 How. Prac. 381. Respondents endeavor to support the judgment in the form as entered, upon the statements made in the affidavits opposing the motion to the effect that the firm of Cleary, Dilworth, Wurts & Fay had dissolved, and that Cleary had assumed and agreed to pay the partnership liabilities. Such claim is of no avail. The defendant appellant had a right to have the judgment entered in accordance with the demand in the complaint against all the defendants, and not against him alone. Section 1932, Code of Civil Procedure.

Order reversed, with $10 costs and disbursements, and motion to vacate the judgment granted, with $10 costs. All concur.