GEORGIAN PRESS, INC., Plaintiff, *v.* HAZEL L. HILL et al., Defendants.

City Court of New York, Special Term, New York County, April 30, 1943.

*Kaiser & Holzman* for plaintiff.

*Benn Barber* for Hazel L. Hill, defendant.

KELLER, J. Plaintiff moves for summary judgment against the defendant Hazel L. Hill individually and also as executrix of the last will and testament of Dean Hill, deceased.

The action is to recover the agreed price and reasonable value of work, labor and services performed and materials furnished

by plaintiff to a copartnership composed of the individual defendants and one Dean Hill, who died before the commencement of the action. Hazel L. Hill, as executrix of his estate, is also made a party defendant. A second cause of action is alleged setting forth an account stated between plaintiff and defendants. Only the defendant Hazel L. Hill individually and as executrix has been served. Her answer as such individual and as executrix admits by nondenial all of the allegations of the complaint, except that the work, labor and services performed and the materials furnished by plaintiff were justly worth the price charged. The moving affidavits show the rendition of the services and the furnishing of the materials at the agreed price set forth in the complaint and the balance due for same; also the statement of an account between plaintiff and defendant copartners by which it was shown that the amount due was as alleged in the complaint. The affidavit in opposition sets forth no facts showing a defense to the action. The motion accordingly should be granted to the extent of awarding summary judgment. However, such judgment should not be as prayed for, viz., against the defendant Hazel L. Hill individually and as executrix only, but, as joint liability is alleged, the judgment must be against all of the defendant members of the partnership although but one was served (*Abromovitz* v. *Markowitz,* 58 Misc. 231; *Brandagee* v. *Cleary,* 152 N. Y. S. 628), which judgment shall provide that it is to be enforced only against the joint partnership property and the separate property of the individual defendant served.

With respect to the application for judgment against the defendant Hazel L. Hill as executrix, the motion is denied. It is the rule that where, as here, the partnership arose out of a contractual relation and the obligation of the partners is joint and not joint and several (Partnership Law, § 26, subd. 2), it is necessary to allege and prove inability to collect from the surviving joint defendants in order to enforce the legal liability against the executor of the deceased defendant. (*Potts* v. *Dounce,* 173 N. Y. 335; *Barnes* v. *Brown,* 130 N. Y. 372; *Seligman* v. *Friedlander,* 199 N. Y. 373.)

Settle order on two days' notice, which shall provide for ten days' stay of execution after service of notice of entry of judgment and also for a severance of the action as to the defendants not served.