HENRIETTA L. ROEMER, Appellant, *v.* JAMES A. STRIKER, Respondent.

In an action to recover damages for injuries to plaintiff's dwelling, alleged to have been caused by negligent blasting in excavating on defendant's adjoining premises, the answer was a general denial, save as to the ownership of defendant's premises. On the trial defendant was permitted to give in evidence a written contract between himself and another, whereby the latter agreed to make the excavation. *Held,* no error ; that the action was not for a trespass or the creating of a nuisance, but for negligence; that defendant was entitled under the answer to show that the act of negligence complained of was not his but that of another, and if done by an independent contractor he was not liable.

(Argued March 14, 1894 ; decided April 10, 1894.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 18, 1893, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ira D. Warren* for appellant. The court erred in admitting the contract with Donohue in evidence, for the reason that no such defense was set forth in the answer. (*Weaver* v. *Barden,* 49 N. Y. 286; *Griffin* v. *L. I. R. R. Co.,* 101 id. 354; *Hay* v. *C. Co.,* 2 id. 160; *Tremain* v. *C. Co.,* Id. 163; *St. Peter* v. *Dennison,* 58 id. 423; *Clifford* v. *Dam,* 81 id. 52; *Ginterman* v. *N. Y. & P. S. Co.,* 9 Daly, 119.) The defendant is liable, irrespective of the contract. It is not necessary to prove negligence to maintain an action for a trespass of this kind. (*Hay* v. *C. Co.,* 2 N. Y. 160; *Tremain* v. *C. Co.,* Id. 163; *St. Peter* v. *Dennison,* 58 id. 423; *Robbins* v. *City of Chicago,* 4 Wall. 679; *W. Co.* v. *Ware,* 16 id. 566; S. & R. on Neg. [4th ed.] § 176; *Brusso* v. *City of Buffalo,* 90 N. Y. 119.)

*W. F. Dunning* for respondent. The contract was clearly admissible under the pleadings. (*Griffin* v. *L. I. R. R. Co.,* 101 N. Y. 348; *Robinson* v. *Frost,* 14 Barb. 536; *Wheeler* v. *Billings,* 38 N. Y. 263; *Weaver* v. *Barden,* 49 id. 286; *Milbank* v. *Jones,* 141 id. 340; *Clare* v. *N. C. Bank,* 14 Abb. Pr. [N. S.] 326.) The act contracted for being in itself lawful, and if properly done not likely to cause injury, the owner who gave out the contract is not liable for injuries sustained by the careless or negligent performance of the work on the part of the workman employed by the contractor. (*King* v. *N. Y. C. & H. R. R. R. Co.,* 66 N. Y. 181; *Hexameter* v. *Webb,* 101 id. 377; *Charlock* v. *Freel,* 125 id. 357; *Dickson* v. *Mayor, etc.,* 92 id. 584; *Nolan* v. *King,* 97 id. 565.) The appellant cannot succeed upon the theory that

the respondent promised to pay. (Code Civ. Pro. § 723; *Davis* v. *N. Y., L. E. & W. R. R. Co.,* 110 N. Y. 646; *Southwick* v. *F. N. Bank,* 84 id. 420.)

O'Brien, J. The plaintiff sought to recover damages which it was alleged she sustained in consequence of injuries to her house from blasting by the defendant while excavating upon his own land for the foundations of seven houses he was engaged in building. The complaint alleged that the plaintiff owned the house which was injured, and that the defendant, in preparing to build on his lots, and in excavating the cellars, blasted the rock adjoining plaintiff's premises in so careless, negligent and reckless a manner that the walls of plaintiff's house were cracked, the plaster shaken off, the air shaft crushed and the foundations of the building injured. The answer was a general denial except as to the allegation that the defendant owned the adjoining lots, which was admitted. On the trial the defendant introduced in evidence a written contract between himself and a contractor whereby the latter agreed for a compensation stated to excavate the cellars for the houses within the time stated.

The plaintiff's counsel objected to the admission of this contract in evidence on the ground that no such defense had been affirmatively pleaded. The court overruled the objection and the plaintiff excepted. We think that there was no error in this ruling. The action was not for a trespass or for creating a nuisance by an improper or unlawful use by the defendant of his own land whereby the property of his neighbor was injured (*Booth* v. *R., W. & O. T. R. Co.,* 140 N. Y. 267), but for careless and negligent blasting. It was incumbent upon the plaintiff to show that this was the defendant's act, and she probably gave proof in the first instance from which the fact might be inferred. But the defendant had denied that it was his act, and he was entitled to show by proof that it was not, but in fact the act of another. He could controvert any material fact which the plaintiff was bound to prove in the first instance in order to make out her case. (*Milbank* v.

*Jones*, 141 N. Y. 340.)   The proof tended to show that the blasting complained of was the act of an independent contractor for whose negligence the defendant was not responsible. (*Devlin* v. *Smith*, 89 N. Y. 470; *Butler* v. *Townsend*, 126 id. 105.)

This defense was admissible under the general issue, as it tended directly to the overthrow of the plaintiff's case.   Some proof came out incidentally at the trial of a promise on the part of the defendant to make good the damage to the plaintiff.   Entirely apart from the question whether the promise was one to answer for the debt, default or miscarriage of another, it is quite sufficient to say that the action was not brought upon any such undertaking, but on the case for negligence, and even if the proof of the agreement to pay the damages was more definite than it is, it could not be made the basis of a recovery.

The judgment dismissing the complaint is right and must be affirmed.

All concur.

Judgment affirmed.