CHARLES I. BERG, Respondent, *v.* HENRY PARSONS, Appellant.

1. NEGLIGENCE—RESPONDEAT SUPERIOR—INDEPENDENT CONTRACTOR. The rule is that, where the relation of master and servant, or principal and agent, does not exist, but an injury results from negligence in the performance of work by a contractor, the party with whom he contracts is not responsible for his negligence or that of his servants.

2. EXCEPTIONS TO RULE. There are certain exceptional cases where a person employing a contractor is liable, namely: Where the employer personally interferes with the work, and the acts performed by him occasion the injury; where the thing contracted to be done is unlawful; where the acts performed create a public nuisance, and where an employer is bound by statute to do a thing efficiently and an injury results from its inefficiency.

3. BLASTING FOR BUILDING, BY CONTRACTOR. Where the work contracted for is lawful, and necessary for the improvement and use of the real property of the owner, such as blasting out rock in a city lot for the purpose of building thereon, and the owner has not interfered in the work, and there is no statute binding him to efficiently perform it, and it does not constitute a public nuisance, the owner is not responsible to the owner of adjoining premises for injuries resulting from the negligence of the contractor or his employees.

*Berg* v. *Parsons,* 90 Hun, 267, reversed.

(Argued May 12, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the first judicial department, entered November 20, 1895, affirming a judgment in favor of plain-

tiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages alleged to have been sustained by plaintiff by reason of the carelessness of a contractor employed by the defendant to blast out a cellar upon his premises, which were adjacent to those of the plaintiff.

The facts are stated in the dissenting opinion.

*Alex. Thain* for appellant. There was no proof of want of care on the part of the defendant. (*Booth* v. *R., W. & O. T. R. R. Co.*, 140 N. Y. 267; *Consulich* v. *Standard Oil Co.*, 122 N. Y. 118.) Defendant is not liable under the doctrine of *respondeat superior.* (*Roemer* v. *Striker*, 142 N. Y. 134; *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Wyllie* v. *Palmer*, 137 N. Y. 248, 255; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181.) To hold the defendant liable for the negligence of his contractor it must be made to appear, at least, that he made his contract with knowledge that the contractor was unskillful or incompetent, or that the reputation of the contractor for carelessness was such that defendant must be presumed to have known of it. (*Benoit* v. *T. & L. R. R. Co.*, 154 N. Y. 223, 225; *Park* v. *N. Y. C. & H. R. R. R. Co.*, 155 N. Y. 215; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; Whart. on Neg. § 238; *Olive* v. *Whitney Marble Co.*, 103 N. Y. 292, 300; 1 Greenl. on Ev. § 461; *Harley* v. *Buffalo C. M. Co.*, 142 N. Y. 31-35.) Plaintiff was himself negligent. (*Weston* v. *City of Troy*, 139 N. Y. 281; *Hamilton* v. *Third Ave. R. R. Co.*, 26 N. Y. Supp. 754; *Wiwirowski* v. *L. S. & M. S. R. Co.*, 124 N. Y. 420; *Millie* v. *Manhattan R. Co.*, 25 N. Y. Supp. 753; *Roberton* v. *Mayor, etc.*, 28 N. Y. Supp. 13; 7 Misc. Rep. 645.) The complaint should have been dismissed. (*Dwight* v. *Germania L. Ins. Co.*, 103 N. Y. 341, 359; *Corcoran* v. *D., L. & W. R. R. Co.*, 47 N. Y. S. R. 147; 19 N. Y. Supp. 394; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *Cadwell* v. *Arnheim*, 152 N. Y. 182; *Bond* v. *Smith*, 113 N. Y. 378, 385; *Pauley* v. *S. G. & L. Co*, 131 N. Y. 90, 100.)

The court erred in permitting the plaintiff to state the cost of the repairs made by him upon the house. (*Argotsinger* v. *Vines*, 82 N. Y. 308, 313; *Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199; *Van Deusen* v. *Young*, 29 N. Y. 9, 36; *McGuire* v. *Grant*, 1 Dutch. [N. J.] 356; *Bevier* v. *D. & H. C. Co.*, 13 Hun, 254, 260; *Harkell* v. *North A. R. Co.*, 26 N. Y. Supp. 595, 596; *Evans* v. *Keystone Gas Co.*, 148 N. Y. 112, 116.) The court erred in striking out the testimony of defendant's witness Cammann, given to prove the reputation of Tobin for care. (*Park* v. *N. Y. C. & H. R. R. R. Co.*, 155 N. Y. 215, 219; *Losee* v. *Buchanan*, 51 N. Y. 476, 493.) The court erred in permitting plaintiff's witness Meyer to testify as to restrictions imposed upon his business on the occasion of other blasting by Tobin. (*Anderson* v. *R., W. & O. R. R. Co.*, 54 N. Y. 341.) Defendant was not liable for any criminal act of the contractor, nor for his recklessness. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562, 570.) The verdict was clearly contrary to the evidence on the only issue of fact before the jury. (*Tate* v. *McCormick*, 23 Hun, 218; *Lane* v. *Town of Hancock*, 142 N. Y. 510, 519; *Linkauf* v. *Lombard*, 137 N. Y. 417, 425; *Hemmens* v. *Nelson*, 138 N. Y. 517, 529.)

*Charles W. Pierson* for respondent. A person employing an independent contractor to perform a dangerous work upon his premises, requiring skill and likely to injure his neighbors if improperly done, is bound to exercise due and reasonable care to select a competent contractor, and is liable for injuries resulting from his failure to exercise such care. (*Quarman* v. *Burnett*, 6 M. & W. 499; *Reedie* v. *L. & N. W. Ry. Co.*, 4 Exch. 244; *Blake* v. *Ferris*, 5 N. Y. 48; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Engel* v. *Eureka Club*, 137 N. Y. 100; *Norwalk Gaslight Co.* v. *Borough of Norwalk*, 63 Conn. 495; *Brannock* v. *Elmore*, 114 Mo. 55; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178; *Cuff* v. *N. & N. Y. R. R. Co.*, 35 N. J. Law, 17; *Ardesco Oil Co.* v. *Gilson*, 63 Penn. St. 146; *Connors* v. *Hennessy*, 112 Mass. 96; *Sturges* v. *T. E. Society*, 130 Mass. 414; *Ware* v.

*St. Paul Water Co.*, 2 Abb. [U. S.] 261; *Burns* v. *McDonald*, 57 Mo. App. 599; Story on Agency, § 454a, note; 2 Thomp. on Neg. 899; Thomas on Neg. 343; see *e. g.* 14 Am. & Eng. Ency. of Law. 836; 1 Lawson's Rights, Rem., etc., § 300; 1 S. & R. on Neg. §§ 191, 192, 194, 217, and cases cited; *Whittaker* v. *D. & H. C. Co.*, 126 N. Y. 544; *Chapman* v. *E. R. Co.*, 55 N. Y. 579; *Park* v. *N. Y. C. & H. R. R. R. Co.*, 155 N. Y. 215; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *Chicago, etc., R. R. Co.* v. *Sullivan*, 63 Ill. 293.) There was no error in the measure of damages adopted. (*Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644; *Argotsinger* v. *Vines*, 82 N. Y. 313; *Dwight* v. *E., C. & N. R. R. Co.*, 132 N. Y. 199; *Slavin* v. *State*, 152 N. Y. 45; *Walter* v. *Post*, 4 Abb. Pr. 382, 390; *Harrison* v. *Kiser*, 79 Ga. 588, 595; *Goudier* v. *Cormack*, 2 E. D. Smith, 200, 202; *Graessle* v. *Carpenter*, 70 Iowa. 166.) Proof of specific acts was properly admitted to show the contractor's incompetence and reckless character. (*Park* v. *N. Y. C. & H. R. R. R. Co.*, 155 N. Y. 215; *Pittsburgh, etc., R. R. Co.* v. *Ruby*, 38 Ind. 294; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; 1 Whart. on Ev. [3d ed.] § 56; *Evansville, etc., R. R. Co.* v. *Guyton*, 115 Ind. 450; 1 Greenl. on Ev. § 102; *Terrell* v. *Commonwealth*, 13 Bush [Ky.], 246; *State* v. *Hoyt*, 47 Conn. 518; *Kean* v. *Rolling Mills*, 66 Mich. 277; *Chicago & C. R. R. Co.* v. *Sullivan*, 63 Ill. 293; *R. R.* v. *Books*, 57 Penn. St. 339. 343; *Gilman* v. *Eastern R. R. Co.*. 13 Allen, 433.)

MARTIN, J. The doctrine of *respondeat superior* is based upon the relation of master and servant or principal and agent. As no such relation existed between the parties, I find no ground upon which the judgment in this action can be sustained.

The rule that where the relation of master and servant or principal and agent does not exist, but an injury results from negligence in the performance of work by a contractor, the party with whom he contracts is not responsible for his negligence or that of his servants, is well established by the author-

ities in this state. (*Blake* v. *Ferris*, 5 N. Y. 48; *Pack* v. *Mayor, etc.,* 8 N. Y. 222; *Kelly* v. *Mayor, etc.,* 11 N. Y. 432; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 181; *Town of Pierrepont* v. *Loveless*, 72 N. Y. 211; *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145; *Roemer* v. *Striker*, 142 N. Y. 134.)

In *Blake* v. *Ferris* the defendant had a license to construct, at his own expense, a sewer in a public street. He engaged another person to construct it for a stipulated price. The sewer was left at night in a negligent manner by the workmen who were employed in its construction. It was held that the immediate employer of the servant, through whose negligence the injury occurred, was responsible, but that the primary principal or employer was not.

In *Pack* v. *Mayor, etc.,* which was an action for damages caused by the alleged negligence of a contractor in blasting rocks, which resulted in injury to the plaintiff's house, in personal injury to his wife, and in killing one of his children, it was held that, as the work was being prosecuted under a contract with a person who was to perform it, the corporation was not liable, but that a recovery for such an injury could be had only against the person actually guilty of the wrongful act, or against one to whom he stands in the relation of servant or agent, and that the contractor in such a case was not the servant or agent of the corporation.

The *Kelly* case was also an action for damages occasioned by negligence in blasting. In that case there was a contract between the city and a contractor to grade a certain street, and it was held that the city was not liable for damages occasioned by negligence in the performance of the work, but that the contractor was alone liable, although the contract provided that the work should be done under the direction and to the satisfaction of the officers of the corporation.

The *McCafferty* case was for an injury to the plaintiff's store and property by alleged negligence in blasting rocks necessary for the construction of the defendant's road. There

15

the corporation had let the work of constructing the road by contract, and the negligence was that of the contractor or his employees, and this court held that the defendant was not liable, and that there was no distinction between real and personal property, so far as its negligent use and management were concerned, or of negligent acts upon it by others.

In the *King* case the owner of real property was held not liable for injuries resulting from negligence on the part of a contractor or his employees engaged in performing a lawful contract for specific work upon the premises of the defendant, and the rule that the law will not impute to one person the negligent acts of another, unless the relation of master and servant or principal and agent exists, was again asserted.

The same doctrine was held in the *Town of Pierrepont* case, where the *Blake* and *Pack* cases were followed, and it was declared that a contractor or his employees did not stand in the relation of servants to a person who was the owner of the property and with whom the contract was made, and that the latter was not answerable for their negligence.

In *Ferguson* v. *Hubbell*, where the injury for which a recovery was sought resulted from the act of a contractor, it was again decided that the contractor was, in no sense, the servant of the defendant, and that the doctrine of *respondeat superior* did not apply.

The *Herrington* case was for damages occasioned by carelessness in blasting. The work was done by contractors, and the court followed its previous decisions and held that the defendant was not liable, but that the injury was occasioned by the negligence of the contractors, and that they alone were responsible.

The *Roemer* case was also for negligence in blasting and excavating on the defendant's premises which adjoined the premises of the plaintiff. The work was done by a contractor, and the owner was held not liable.

It seems to me that the principle of these decisions is decisive of the case at bar, and is directly adverse to the contention of the respondent. The only authorities in this state

cited as sustaining the doctrine contended for, are *Blake* v. *Ferris* (5 N. Y. 48) and *Storrs* v. *City of Utica* (17 N. Y. 104). · The *Blake* case we have already referred to, which is a direct authority against the doctrine it is cited to sustain. In the *Storrs* case the facts were different, and the · principle of the decision has no application. There the doctrine of the *Blake, Kelly* and *Pack* cases was expressly indorsed in the opinion of Judge COMSTOCK, who said : "Now, in these two cases of *Pack* v. *The Mayor, etc.,* and *Kelly* v. *The Mayor, etc.,* the general doctrines so well set forth in *Blake* v. *Ferris* were applied with entire precision and accuracy." While the learned judge doubted the propriety of the application of that doctrine to the case of *Blake* v. *Ferris,* he expressly recognized its correctness and its applicability to a case like this. The decision of the court in the *Storrs* case was placed upon the sole ground that it was the duty of the corporation to keep its streets in a safe condition for public travel, and for a failure to discharge that duty the corporation was liable. The question of the negligent manner in which the work was performed was entirely excluded by the opinion in that case.

There are certain exceptional cases where a person employing a contractor is liable, which, briefly stated, are : Where the employer personally interferes with the work, and the acts performed by him occasion the injury ; where the thing contracted to be done is unlawful; where the acts performed create a public nuisance ; and where an employer is bound by a statute to do a thing efficiently and an injury results from its inefficiency. Manifestly, this case falls within none of the exceptions to which we have referred. .There was no interference by the defendant. The thing contracted to be done was lawful. The work did not constitute a public nuisance, and there was no statute binding the defendant to efficiently perform it. In none of those exceptional cases does the question of negligence arise. There the action is based upon the wrongful act of the party, and may be maintained against the author or the person performing or continuing it.

In the case at bar the work contracted for was lawful and necessary for the improvement and use of the defendant's property. Consequently no liability can be based upon the illegality of the transaction, but it must stand upon the negligence of the contractor or his employee alone. It seems very obvious that, under the authorities, the defendant was not responsible for the acts of the contractor or his employees, and that the court should have granted the defendant's motion for a nonsuit. If a contrary rule were established it would not only impose upon the owners of real property an improper restraint in contracting for its improvement, but would open a new and unlimited field for actions for the negligence of others which has not hitherto existed in this state, and practically overrule a long line of decisions in this court which firmly establish a contrary doctrine.

It follows that the judgment should be reversed.

GRAY, J. (dissenting). The question is whether, in a case like the present one, where the work contracted for is obviously and necessarily hazardous, it is an assumption inconsistent with the doctrine of exemption for the acts of an independent contractor that a legal duty is imposed upon him who employs the contractor to use a reasonable amount of care, in the selection of one who is both competent and careful and that for a failure to perform that duty he may be held for the damages occasioned by negligence.

The plaintiff and the defendant were owners of adjoining pieces of real estate in the city of New York. Upon the plaintiff's property there was a dwelling house. The defendant's property was vacant and was covered with a mass of rock, which extended above the curb. The defendant made a contract with one Tobin to excavate his plot to the depth of ten feet below the curb line, preparatory to building thereon. In the performance of the contract, Tobin appears to have proceeded unskillfully and with considerable recklessness and, in the work of blasting, he caused some damage to the plaintiff's house, both within and without. For the damage so sus-

tained the plaintiff brought the present action. The complaint charged, and the case went to the jury upon the theory, that the defendant had failed to exercise proper care, or a due regard, for the safety of the plaintiff's premises in the selection of a competent and careful contractor to do the dangerous work of excavating the earth and rock. The defense was, in substance, that the person employed by the defendant for the purpose was an independent contractor, having the entire control and management of the work, and that as the result of inquiries, showing him to be a competent, skillful and careful contractor, the defendant had made the contract with him. Upon the trial, the evidence showed that the defendant had committed to one Squier the supervision of the construction of the building upon his land and that he acted for him in all pertinent matters. Squier was a builder of very considerable experience and had had much to do with contracts in the building of houses in the city. He had never heard of Tobin, before giving him the contract for the work in question. That work was shown to have been plainly of a hazardous nature; inasmuch as it necessitated the blasting out of a ledge of rock, which extended close up to the wall of the plaintiff's adjoining house. There was evidence to the effect that it was quite possible to do this work of excavation without causing injury to the adjoining building and that work of that description was being constantly done in the city, with safety to adjoining premises. The way that Tobin performed his contract warranted a belief that he was incompetent and reckless. He was the lowest bidder for the work. The evidence showed him to be an illiterate person and of intemperate habits; whose appearance and surroundings might permit inferences adverse to his fitness to do responsible work of such a nature. There was testimony concerning two previous jobs of a similar nature, from which it might be inferred that Tobin was either reckless, or lacked skill. Squier testified, for the defendant, to having inquired of the representative of a real estate operator about Tobin; who spoke of him as a good and careful blaster, and he visited two places, to which

Tobin had referred him, to see work that he had done. That inquiry satisfied him. He denied any knowledge of Tobin's habits; but he made no inquiry concerning them. A witness testified to having employed Tobin upon rock excavation and to having found him satisfactory in his work. While there was evidence of some care having been exercised by the defendant's agent, was it of that conclusive nature which precluded criticism? As the case stood, it could not be said as matter of law that the defendant had discharged his whole duty towards the plaintiff, in the matter of the selection and employment of a proper person to perform the required work. There was a fair question upon the evidence, whether, in initiating a work which, under the particular circumstances, was necessarily fraught with some danger to the adjoining property, the defendant had exercised a reasonable degree of prudence in the employment of Tobin. The plaintiff was not obliged to show that the defendant knew about the characteristics and previous conduct of Tobin; but, there being evidence, in the testimony of the witnesses, affecting his capacity and habits, previously to the employment, it became a question whether defendant's inquiries were sufficient and such as a prudent man would have made, who realized the hazards involved to the adjoining property and who intended to proceed about the employment of a contractor, as he would have expected to be done by if the positions were reversed. The plaintiff recovered a verdict for the amount of the expense to which he had been put in repairing the damage done to his house. It is, of course, evident from that verdict that the evidence had failed to satisfy the jury that the defendant had proceeded in the matter with a due regard for his neighbor's rights, or that Tobin was the kind of man to be intrusted with a job demanding both skill and a sense of responsibility.

If there was evidence raising a question as to whether the defendant had exercised reasonable care in contracting out this work to Tobin, then I think it was properly submitted to the determination of the jury. What is there in the doctrine, behind which the defendant seeks to shelter himself, which

should interfere with the trial and submission of the issue which was tendered by the complaint and accepted by the answer; namely, whether proper care had been exercised by the defendant in committing the work to Tobin? The argument for the defendant is, as Tobin was performing his work as an independent contractor, that he and his men were not under the supervision or control of the defendant and that, as no relation of master and servant existed, the defendant could come under no liability for Tobin's negligent acts.

The doctrine, which exempts a person from liability for damages caused by the negligence of an independent contractor employed by him, is well established in this state. It rests upon a basis of justice and of reason and was a departure from the general doctrine of the responsibility of the master for the servant's acts; which the courts, both in England and this state, have agreed upon within comparatively recent years. (*Quarman* v. *Burnett*, 6 M. & W. 499; *Reedie* v. *Railway Co.*, 4 Exch. 254; *Blake* v. *Ferris*, 5 N. Y. 48; *Storrs* v. *City of Utica*, 17 *ib.* 104.) Formerly, the rule *respondeat superior* was deemed controlling and the legal relation of master and servant, to which it was applicable, received the broad extension, within which the employer of another became responsible for the other's acts, upon the principle *qui facit per alium facit per se.* That, as a maxim, handed down from the Roman Code, meant that the agency of the servant was an instrument of his employer. Any man having authority over another's actions, who commands him to do an act, or who may be deemed to have impliedly commanded him, in the ordinary course of his employment, or business, becomes responsible for his acts, as for his own. The injustice, however, of applying this principle to a situation where a person is engaged in doing a piece of work, under an employment or a contract, in the performance of which he uses his own means and his own servants, without any control upon the part of the general employer, became apparent. It was evident that the relation of master and servant did not exist, when the relation between the parties was governed by such

an engagement or contract.    Whereas, under the operation of
the rule, *respondeat superior*, the injured person might hold
the master responsible and disregard the servant, who was the
immediate author of the injury; under the introduction of
the reasonable modification of that rule, the independent con-
tractor, and not the general employer, became responsible for
negligent acts, committed in person, or by those under his
orders.

The principle of the decision below, in the present case, in
my judgment, in no respect weakens the doctrine of the
exemption of the general employer from liability for damages
caused by the negligence of the independent contractor; nor,
in any wise, threatens its stability.    Nor does it affect it, other-
wise than by establishing a reasonable safeguard against too
broad a claim for exemption.    It seems to me a proposition,
as clear as it is reasonable, that the assumption that there has
been an exercise of due care in the selection of a competent
and careful contractor, is a part of the foundation for the
doctrine.    I do not think that it would do to hold that a per-
son, by the mere act of employing a contractor to do some
work of a nature in itself obviously hazardous to others,
thereby discharges himself of all responsibility.    Something
more is required of him.    With that due regard for his neigh-
bor's rights, which is obligatory upon all, in the use which
they make of their own property, he should be held to the
exercise of reasonable care and of some deliberation in the
selection of a contractor.    We are referred to decisions of
the courts of other states, where this duty on the part of a
general employer seems to have been distinctly recognized
(*Norwalk Gaslight Co.* v. *Borough of Norwalk*, 63 Conn.
495; *Brannock* v. *Elmore*, 114 Mo. 55), and while precisely
a similar case to this may not be found in our reports, the
reasonableness of the proposition commends and sustains
it.    As I have suggested, it may be assumed as an inherent
element of the employer's claim for exemption.    (See Wharton
on Negligence, sec. 181; Story on Agency, 9th ed., sec. 454a,
at p. 556, note; *Cuff* v. *R. R. Co.*, 35 N. J. Law, 17; *Ardesco*

*Oil Co.* v. *Gilson,* 63 Pa. St. 146; *Sturges* v. *Theological Education Society,* 130 Mass. 414.) In the text books and cases just referred to, it will be observed that the assumption I mention is recognized as one associated with the employment of an independent contractor. I do not think it needs much argument to vindicate the entire propriety of the assumption. The exemption from liability should not be so broad as to exclude the consideration of the manner in which the independent contractor was selected for the particular work. When we consider the hazards incident to the work of blasting, in a city block, there ought to be no question, where the work is obviously and necessarily of a dangerous nature, as to the propriety of imposing upon the owner of the property to be improved thereby a legal duty to exercise proper care in the selection of his contractor. If that be true, then the question of the exercise of due care becomes one of fact upon the evidence. If there is evidence proving, or tending to prove, that the contractor was an incompetent, or a reckless, or an unfit person to be entrusted with the job and that it was possible for the defendant to have discovered these facts by inquiry; then it is for the jury to render their verdict upon the issue between the parties. It is not essential that the defendant be shown to have known of the acts of incompetency, or of the conduct from which unfitness may be inferred. It is sufficient if it appear that no sufficient inquiry had been made, and that a careful inquiry might have revealed the incompetency or the unfitness. The circumstances of the selection of the contractor might be such as to justify a belief that there was a failure to exercise care and prudence in the matter.

The conclusion, therefore, which I reach after a careful consideration of the question is that the defendant, in employing a contractor to blast out the rock upon his premises, a work obviously dangerous to the adjoining owner, owed a legal duty to the plaintiff to carefully select one who was both competent and careful and that for a failure to perform that duty, under the circumstances of this case, he became responsible

for any injury to the plaintiff's property resulting from the contractor's negligence. I think that there was evidence adduced, from which the jury might infer that the defendant had not proceeded with that care and due regard for the plaintiff's rights, which were incumbent upon him. It may not have been very strong; but it cannot be said that there was none giving rise to inferences. Minds might differ upon the question; but that only goes to show the necessity of leaving it to the arbitrament of a jury. The learned justices below have thought that there was a question for the jury upon the evidence. I think that they were right and that there are no errors calling for a reversal of this judgment.

PARKER, Ch. J., O'BRIEN and VANN, JJ., concur with MARTIN, J., for reversal; BARTLETT and HAIGHT, JJ., concur with GRAY, J., for affirmance.

Judgment reversed and a new trial granted, with costs to abide the event.