## MEHLER v. FISCH.

(Supreme Court, Appellate Term. January 21, 1910.)

1. MASTER AND SERVANT (§ 318*)—INDEPENDENT CONTRACTORS—SUPERVISION.
   Though defendant contracted to have work done by independent contractors, she was liable for injuries caused by their negligence, if she supervised and took part in the work.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. § 318.*]

2. MASTER AND SERVANT (§ 330*)—INDEPENDENT CONTRACTORS—SUPERVISION BY EMPLOYER—EVIDENCE.
   In an action against the employer for injuries caused by the negligence of independent contractors, preponderance of evidence held not to show that defendant supervised the work, so as to make her liable.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1272; Dec. Dig. § 330.*]

3. MASTER AND SERVANT (§ 330*)—INCOMPETENCY OF INDEPENDENT CONTRACTORS—EVIDENCE—RES IPSA LOQUITUR.
   Where contractors engaged in painting defendant's house had but recently come to this country, but were experienced journeymen, the mere fall of the scaffold they were using was not sufficient to show that they

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were incompetent, so as to make the employer liable for resulting injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1270; Dec. Dig. § 330.*]

4. MASTER AND SERVANT (§ 315*)—INDEPENDENT CONTRACTORS—EMPLOYER'S LIABILITY.

An employer is ordinarily not liable for the acts of an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1241; Dec. Dig. § 315.*]

5. NEGLIGENCE (§ 121*)—ACTIONS—BURDEN OF PROOF.

The burden is on plaintiff, in an action for negligent injuries, to show that defendant owed him a duty and failed to perform it.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 224–228; Dec. Dig. § 121.*]

Appeal from City Court of New York, Trial Term.

Action by Israel Mehler against Henrietta Fisch. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Herrick C. Allen, for appellant.

LEHMAN, J. The plaintiff alleges that the defendant, her agents, and employés were engaged in painting the front wall of defendant's house, and while so engaged defendant, her agents, and employés conducted the work so negligently that a scaffold fell down and injured the plaintiff. At the trial it appeared that the painting was being done, not by the defendant's servants, but by independent contractors. "The rule that, where the relation of master and servant or principal and agent does not exist, but an injury results from negligence in the performance of work by a contractor, the party with whom he contracts is not responsible for his negligence or that of his servants, is well established by the authorities of this state." Berg v. Parsons, 156 N. Y. 109, 112, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542. The trial justice recognized the general rule, but submitted the case to the jury upon the theory that the defendant was nevertheless liable for the acts of the contractors if the jury believed that, in spite of her contract that the work should be performed by independent contractors, she, through her husband, supervised and took part in the work, or if the defendant did not exercise care in the selection of experienced and competent contractors.

I do not know whether the respondent seeks to sustain the judgment upon both theories, or upon either, because he has submitted the case on appeal without argument or brief. Upon the first point the justice's charge was correct, but there is not sufficient evidence to sustain a verdict for the plaintiff upon this point. The plaintiff claims that he heard the defendant's husband order the contractors to hoist the scaffold; but he does not state that the defendant's husband was even present at the time of the accident. Plaintiff's own witnesses do not corroborate him on this point, and his testimony is directly and circumstantially denied by the husband and by both contractors. I do not think that the respondent could seriously contend that the plain-

tiff has borne the burden of producing a preponderance of evidence upon this point. Nor can the judgment be sustained upon the theory that the owner did not exercise due care in engaging competent contractors. Even if the owner is under a duty, the plaintiff has not shown any failure to perform it. The work done here was not hazardous, nor requiring great skill. The contractors, while not long in this country and only just beginning to work for themselves, testify that they have had long experience as journeymen in work of this kind. Absolutely the only evidence of incompetence is the fall of the scaffold.

Under such circumstances a judgment against the defendant could be sustained only upon the theory that the exemption of liability of an employer for the acts of an independent contractor is an exception to the rule of respondeat superior, and that the defendant must show facts which will bring him within the exception. I do not think that that is the law. The employer is not liable for the acts of the contractor, because the relation of principal and agent does not exist. If he is liable in this case, it is only for his own acts, and the plaintiff must show that he owed him a duty and has failed to perform such duty.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs in result.

DAYTON, J. I concur, on the ground that the evidence is insufficient to warrant a finding that Mr. Fisch, defendant's agent, exercised any control over the work or gave any directions concerning it, nor that the contractors were incompetent.