### DECKER v. OSTERWEIL.

(Supreme Court, Appellate Division, Second Department. May 26, 1911.)

1. LANDLORD AND TENANT (§ 164*)—DEFECTS IN PREMISES—INJURY TO TENANT—LANDLORD'S LIABILITY.

    A landlord is not liable for injury to a tenant caused by a defect in the premises, unless he knew thereof, or it had existed long enough to charge him with knowledge.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641; Dec. Dig. § 164.*]

2. LANDLORD AND TENANT (§ 169*)—DEFECTS IN PREMISES—NOTICE.

    An instruction predicating a landlord's liability to a tenant on his "notice" of the defect causing injury is improper, as failing to include implied knowledge of the defect.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

3. COURTS (§ 190*)—MUNICIPAL COURT—APPEAL—EXCEPTIONS—NECESSITY.

    The Appellate Division, on appeal from a judgment of the Municipal Court, can order a new trial for an error not excepted to.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Minnie Decker against Rubin Osterweil. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edgar J. Treacy (Abram I. Elkus and Samuel Greason, Jr., on the brief), for appellant.

Harrison C. Glore, for respondent.

PER CURIAM. [1] This appeal is by the defendant from a judgment of the Municipal Court. The action is by tenant against landlord for personal injuries due to a defective beam upon the roof of a tenement house, which tilted when the tenant stood upon it to hang out clothes. It was incumbent upon the tenant to establish either the

---

landlord's knowledge of the defect or the existence of the defect for such time that the landlord should have known of it. Idel v. Mitchell, 158 N. Y. 134, 52 N. E. 740. But the court instructed the jury that, if they found that the premises were in a dangerous condition on the day of the accident (and no contributory negligence), they "must find for the plaintiff." This instruction, of course, permitted the jury to charge the landlord upon proof of the mere existence of the defect, as if an insurer.

And this was the final instruction in the case, following directly upon denial of the request for an instruction, except as already charged, that the defendant would not be liable if the jury believed that no notice of the defect was given to him. We cannot find that the court had theretofore charged the rule of liability as different, but, on the contrary, that it had charged that if the roof or place where the implied invitation was extended "was in a dangerous condition upon the day" the tenant went there, then the other proposition in the case was that of contributory negligence.

[2, 3] The request refused was not strictly accurate, because the defendant might be cast in liability without "notice," as the word is commonly understood; i. e., by knowledge, or by such lapse of time as would warrant the imputation of legal knowledge. And it is true that the exception was to the refusal, but nevertheless we think that justice requires a new trial, which we may order, even without the existence of an exception.

Without passing upon the merits of the case, we reverse the judgment and order a new trial, costs to abide the event.