## HASELO v. STATE.

(Court of Claims of New York. September 11, 1911.)

1. NAVIGABLE WATERS (§ 8*)—IMPROVEMENT.

    While the state may improve the navigability of a river, it may not injure a riparian owner in so doing.

    [Ed. Note.—For other cases, see Navigable Waters, Dec. Dig. § 8.*]

2. STATES (§ 112*)—INDEPENDENT CONTRACTORS—INJURIES TO RIPARIAN OWNERS.

    Where the state could improve the navigability of a river, if it did not injure adjoining riparian property, its duty not to injure cannot be escaped by delegating the work to an independent contractor, and it is liable for an injury caused by the work of the contractor.

    [Ed. Note.—For other cases, see States, Cent. Dig. § 111; Dec. Dig. § 112.*]

3. STATES (§ 112*)—IMPROVING NAVIGABLE WATERS—LIABILITY.

    Where a river could not have been improved without the use of a cofferdam, and an independent contractor, who was doing the construction work, was not negligent in constructing it, the state, which was making the improvement, was liable for the flooding of adjoining land caused by the cofferdam; the flooding being a natural consequence of the work.

    [Ed. Note.—For other cases, see States, Cent. Dig. § 111; Dec. Dig. § 112.*]

Claim by William Haselo against the State. Judgment for claimant.

    This claim is one for the flooding of claimant's land and damaging his property by means of a cofferdam built by a contractor for the state in the Mohawk river about one mile downstream. The state had let a contract for the construction of the barge canal, and in connection therewith the contractor built a cofferdam, the length of which varied, according to the stage of the water, from 90 to 220 feet. It was a serious obstruction to the flow of the water of the river, and on February 20, 1909, when the ice broke up, it jammed against the cofferdam, caused the water to rise, and forced the water and ice upon claimant's premises. There was no proof that the weather conditions were extraordinary, and the main defense relied upon by the state was that the work was being done by an independent contractor.

William W. Loucks, for claimant.

Thomas F. Carmody, Atty. Gen., and Frank W. Brown, Deputy Atty. Gen., for the State.

RODENBECK, J. [1] The state had the right to improve the navigability of the Mohawk river, but could not do so in such a way as to throw water and ice upon the claimant's land, so as to injure him either temporarily or permanently. Pumpelly v. Green Bay Co., 13 Wall. 166, 20 L. Ed. 557; U. S. v. Lynah, 188 U. S. 445, 23 Sup. Ct. 349, 47 L. Ed. 539; Lowndes v. U. S. (C. C.) 105 Fed. 838. It could excavate in the channel of the stream for a lock, and build a cofferdam or other structure necessary to its construction; but it could not do so in a manner which would involve itself in a trespass upon private property, or in the taking of private property for public use, without liability for damages therefor. In the exercise of its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

power to improve the navigability of the stream, it could place a lock or dam in it, but not so that water would be temporarily or permanently set back upon private property, so as to amount to a taking of the property, without making compensation.

[2, 3] In the work in question the state owed the claimant the duty by law to so carry on the work as not to set the water back upon his land. Had the state done the work itself by its servants or agents, its liability probably would not be questioned. It cannot relieve itself upon the plea that the work was done by an independent contractor, because of its existing duty to so do the work as not to injure claimant (Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437), and because the work itself in this instance necessarily caused the damages (Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, 41 L. R. A. 391. 66 Am. St. Rep. 542). Whether or not the state had done the work itself, by its agents and servants or by an independent contractor, the construction could not have been built without cofferdamming, which renders the case analogous to those cases where the contract calls for a public sewer in a public street, which necessarily requires an excavation. Deming v. Terminal Ry. of Buffalo, 169 N. Y. 1, 61 N. E. 983, 88 Am. St. Rep. 521. There was no negligence in the manner of doing the work, and to relieve the state would extend the doctrine of nonliability for the acts of independent contractors much farther than the law has gone.

This claim comes under the exception to nonliability laid down by Judge Martin in Berg v. Parsons, 156 N. Y. 109, 115, 50 N. E. 957, 41 L. R. A. 391, 66 Am. St. Rep. 542, and the claimant should recover.