JOSEPHINE J. FRAWLEY and Another, Respondents, *v.* MORRIS MILLER and Another, Appellants.

WILLIAM AHLERS, Defendant.

Supreme Court, Appellate Term, First Department, November 13, 1925.

Negligence — action for damage to plaintiffs' premises by reason of fall of pole in yard — pole erected by independent contractor — plaintiffs claimed promise of defendants to repair damage — defendants not liable for negligence of independent contractor — judgment for plaintiffs reversed.

A judgment for the plaintiffs, in an action for damages to premises by reason of defendants' negligence, should be reversed and the complaint dismissed, where it appears that said damages were caused by reason of the fall of a pole erected in defendants' yard by an independent contractor, since defendants are not liable for the neglect of an independent contractor. Plaintiffs' claim of an oral promise by defendants to repair the damage was not sustained, in the absence of any averment in their complaint beyond that of negligence, particularly where defendants denied in effect any promise to repair said damage and proved that they neither interfered with nor controlled the independent contractor.

APPEAL by defendants, Miller and Shapiro, from a judgment of the Municipal Court, Borough of Manhattan, Sixth District, in favor of plaintiffs and against defendants for $130 damages, besides interest and costs. Trial by the court.

*Hunt, Hill & Betts* [*H. Victor Crawford* of counsel], for the appellants.

*Abraham Greenberg,* for the respondent.

GUY, J.:

Action for damages to plaintiffs' premises from defendants' negligence.

Defense, general denial.

A judgment by default for same occurrence has been recovered against defendant Ahlers who was an independent contractor.

On January 17, 1925, Ahlers, an independent contractor, installed a pole in yard of defendants' premises No. 1688 Third avenue. The pole fell and plaintiffs sustained a property damage of $130.

Plaintiffs proved the erection and fall of pole and claimed and oral promise by defendants to repair the damage.

Defense proved that pole was erected by Ahlers, an independent contractor; denied in effect any promise to repair damage and proved that defendants did not interfere with or control the independent contractor.

Defendants are not liable for the neglect of their independent contractor. If a promise to repair damage done by independent contractor is relied on it must be pleaded. No recovery on such a theory can be had under a mere averment of negligence. (*Roemer v. Striker*, 142 N. Y. 134, 136, 137.)

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.