Mastin Schenck, J.
This is a motion for an order striking out a paragraph in the defendants’ answer on the ground that it appears on the face thereof that the defense interposed is insufficient as a matter of law. The action seeks to recover damages on the theory of negligence on the part of the defendants who owned property adjoining that of the plaintiffs. It is alleged that the plaintiffs’ building was damaged in the course of demolition work being performed on the defendants’ property. The demolition of the defendants’ building resulted in holes in the walls and roof of plaintiffs’ contiguous edifice according to the complaint. The defendants have interposed a defense (par. “ third” of the answer), which is the subject of this motion, on the theory that they employed an independent contractor to do the work and that the defendants are not responsible for the negligence of said independent contractor.
The general rule is that a party who engages with an independent contractor to do work is not responsible for the negligence of that contractor or his employees (Berg v. Parsons, 156 N. Y. 109). The theory behind this principle is that if the negligence of the independent contractor is imputable to the property owner an improper restraint would be placed upon contracting for improvement or other lawful use of a person’s property. Where an independent contractor commits the negligent acts, the doctrine of respondeat superior is not applicable. Several exceptions have evolved in connection with this rule. Certain of these exceptions are referred to in the Berg case, as for example where the employer personally interferes with the work, or where the thing contracted to be done is unlawful, or where the acts performed create a public nuisance. There is no indication that any of these exceptions are claimed to have application to the instant case. Even if they did, they would require proof upon trial, so that a motion to dismiss part of the answer that might be pertinent to such things would have to be denied in any event.
Another exception to the above rule, however, has developed over the years since the Berg case. This is based on the theory of 1 ‘ inherently dangerous ’ ’ work. With respect to such ‘ ‘ inherently dangerous ” work, it has been held that the duties of the property owner are nondelegable and that the owner is liable for the negligence of the independent contractor. This rule *299 has been enunciated or, in effect, followed in numerous cases. (See May v. 11½ East 49th St. Co., 269 App. Div. 180, affd. 296 N. Y. 599; Schwarts v. Merola Bros. Constr. Co., 290 N. Y. 145; Janice v. State of New York, 201 Misc. 915.)
The problem in applying this “ inherently dangerous ” work exception to the general rule lies in the determination of what is meant by those words. Such work has been defined in the Janice case (supra, p. 920) as “ work necessarily attended with danger, no matter how skillfully or carefully it is performed ”. In the Janice case a person was killed while walking on a roadway in a State-owned public park. A wall of a concrete block building fell on him. The State of New York was held liable even though the work on the wall which collapsed was being performed by an independent contractor. It seems apparent that the facts in Janice case are distinguished in several respects from those at hand. In the first place, the person fatally injured in the Janice case was a mere passer-by lawfully walking on a public roadway. Work on a structure near that roadway which might endanger persons using the roadway would obviously fall in the category of “ inherently dangerous ” work. It was pointed out that the State was negligent in not providing barriers or other warnings. In the case at hand, there was no injury to a member of the public nor is there any indication that the defendants in the reasonable exercise of their duties, should have or could have provided any such “ barriers ” or warnings that might have tended to prevent damage to adjoining property.
The case of Hanley v. Central Sav. Bank (255 App. Div. 542, affd. 280 N. Y. 734) is also an authority under the “ inherently dangerous ” theory. Again, however, personal injury was involved so that there was something substantially more than danger to adjoining property. In the Hanley case, bricks fell from the defendant’s wall through a window in the plaintiff’s nearby house striking the plaintiff who was in bed. It is manifest that work that might involve casting bricks through a nearby window has the element of “ inherent danger ”. In the case before us, however, we have nothing more than damage to the adjoining property as the wall of the defendants’ building was demolished. Other cases cited by the plaintiffs along this line are similarly distinguishable. In McNulty v. Ludwig & Co. (153 App. Div. 206) a nuisance and danger to the public was occasioned when a sign was placed in such a precarious position that it fell, injuring a passer-by. Similarly, in Hughes v. Harbor & Suburban Bldg. & Sav. Assn. (131 App. Div. 185) there was established an element of negligence by the owners themselves in connection with the work done by the contractor who was also *300 negligent. Here again a pedestrian on the street was injured. I can find no authority for a holding that a dangerous situation is created so as to afford an exception to the general rule merely as the result of property damage sustained by an adjoining property owner while work was being done by an independent contractor. The conclusion is inescapable that the entire theory of exempting a property owner from liability for a contractor’s negligence would be nullified if the mere threat of damage to adjoining property constituted “ inherent danger ”.
The plaintiffs also contend that the defendants are liable on the theory of trespass. In Ketcham v. Newman (141 N. Y. 205) it was, in effect, stated that where a trespass is committed by the advice or direction of a defendant property owner, that defendant cannot hide behind his contractual relationship with an independent contractor who actually did the work. To hold the defendants liable under this theory, however, there would have to be proof as to the facts constituting either trespass by the defendants or such acts on their part as to amount to “ advice and direction” that the independent contractor commit such a trespass. The plaintiffs at a trial of this action would be entitled to attempt to establish such proof of trespass as against the separate defense which constitutes paragraph ‘ ‘ third ’ ’ of the answer herein. However, the fact that such proof might be adduced at trial obviously does not afford a basis for the granting of an order striking the pargaraph in question from the answer. It should be pointed out that in the Ketcham case the court reversed a judgment against the property owner because there was no proof of “ directing ” or “ advising ” trespass on the part of the defendant.
It is, therefore, the necessary conclusion that neither the “ inherent danger ” theory of exception to the rule set forth in the Berg case, nor the theory of “ trespass ” is applicable to the motion herein. The motion to strike paragraph “ third ” from the answer is in all respects denied. Costs to abide the event.